**Debra KEACH and Patricia Sage, Plaintiffs,**

v.

**U.S. TRUST COMPANY, N.A., et al., Defendants.**

No. 01–1168.

United States District Court, C.D. Illinois, Peoria Division.

March 10, 2003.

Dean B. Rhoads, Robert Rhode, Edward Sutkowski, Steven Oates, Sean Anderson, Sutkowski & Rhoads, Peoria, IL, for Plaintiffs Debra Keach and Patricia Sage.

Timothy Bertschy, Heyl, Royster, Voelker & Allen, Peoria, IL, Robert Eccles, Shannon M. Barrett, O'Melveny & Myers, LLP, Washington, DC, for Defendant U.S. Trust Company, NA, fka U.S. Trust Company of California.

Charles Roth, James Springer, Joseph Z. Sudow, Kavanagh, Scully, Sudow, White & Frederick, Peoria, IL, Michael T. Graham, Nancy Ross, McDermott, Will & Emery, Trent P. Cornell, Duane Morris, LLC, Chicago, IL, for Defendant Ellen D. Foster, Executrix of the Estate of Thomas S. Foster and as Co–Trustee of the Thomas S. Foster Trust executed on 4/14/94.

Michael T. Graham, Nancy Ross, McDermott, Will & Emery, Chicago, IL, for Defendant The Northern Trust Company, an Illinois Corporation as Co–Trustee of the Thomas S. Foster Trust executed on 4/14/94.

Richard J. Pautler, Jennifer Baetje, Thompson & Coburn, St. Louis, MO, for Defendants Robert A. Ostertag, Jr., Terry P. Cole, Alan R. Dix, Jon Elletson, A. Robert Pellegrino.

James Bailey, Paul Ondrasik, Jr., Steptoe & Johnson, Washington, DC, Roy Davis, David Lubben, Davis & Campbell, LLC, Peoria, IL, for Defendants Valuemetrics, Inc.

Mark Casciari, Ian Hugh Morrison, Sari M. Alamuddin, Seyfarth Shaw, Chicago, IL, for Defendant Houlihan, Lokey, Howard & Zukin, Inc.

Charles Roth, James Springer, Kavanagh, Scully, Sudow, White & Frederick, Peoria, IL, for Defendant Stephen P. Bartley.

Stephen Gay, Jeffrey Alan Ryva, Husch & Eppenberger, LLC, Peoria, IL, for Defendant Lyle Dickes.

Jeffrey Rock, Hasselberg, Rock, Bell & Kuppler, Peoria, IL, for Defendant James Freid.

Charles Roth, James Springer, Kavanagh, Scully, Sudow, White & Frederick, Peoria, IL, for Defendant Dale Fujimoto.

John Elias, Robert Riffle, Cynthia Elias, Elias, Meginnes, Riffle & Seghetti, Peoria, IL, for Defendant William Gehring, Henry Gregory, Ii, John F. Halpin, James Kyle, John Lappegaard, George Mckittrick, Clayton Patino, Jerry Rathmann, W. Thomas Stumb, Mark Swedlund, Leo Vanderlugt, Robert Wilson, Bruce Wright.

Jeffrey Rock, Hasselberg, Rock, Bell & Kuppler, Peoria, IL, for Defendant Richard Hodgson.

Dean Essig, Washington, IL, for Defendant Gregory McAllister.

Charles Roth, James Springer, Joseph Sudow, Kavanagh, Scully, Sudow, White & Frederick, Peoria, IL, for Defendants Michael Norbutas, Frederick Stuber, and for Defendant Ashley Anne Foster, as trustee or agent of the Ashley Anne Foster Irrevocable Trust, and Melvyn R. Regal, individually, as trustee or agent of the Steven Jay Regal Trust, as trustee or agent of the Judi Lynn Regal Trust, and as trustee or agent of the John E. Regal Trust.

## *ORDER*

MIHM, District Judge.

Now before the Court is Defendant U.S. Trust Company's ("US Trust") Motion for Summary Judgment. For the reasons set forth below, the Motion for Summary Judgment [# 423] is GRANTED IN PART and DENIED IN PART.

## FACTUAL BACKGROUND

The basic factual background has been sufficiently set forth in the prior orders of this Court, and familiarity therewith is presumed. The present motion is brought by U.S. Trust, who was retained by F & G to serve as the Trustee for the ESOP. The matter is now fully briefed and ready for resolution. This Order follows.

## DISCUSSION

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." *Id.* at 325, 106 S.Ct. 2548. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Cain v. Lane,* 857 F.2d 1139, 1142 (7th Cir.1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. Nevertheless, this Court must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." *Holland v. Jefferson Nat. Life Ins. Co.,* 883 F.2d 1307, 1312 (7th Cir.1989). Summary judgment will be denied where a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Hedberg v. Indiana Bell Tel. Co.,* 47 F.3d 928, 931 (7th Cir.1995).

There is no dispute that U.S. Trust was a fiduciary with respect to the F & G ESOP. U.S. Trust now moves for summary judgment, citing *DeBruyne v. Equitable Life Assurance Society of the United States,* 720 F.Supp. 1342 (N.D.Ill.1989), aff'd, 920 F.2d 457, 465 (7th Cir.1990), for the proposition that "[t]he fiduciary duty of care requires prudence, not prescience." The Court does not disagree with this principle of law, but must conclude that the facts in this case are not sufficiently analogous to those in the *DeBruyne* case to permit resolution on summary judgment. The *DeBruyne* case involved losses to an ERISA plan that was heavily invested in equity securities as a result of "the largest one-day decline in the stock market's history." 720 F.Supp. at 1345. US Trust's suggestion that a loss resulting from a sudden plummet in the stock market is necessarily equivalent to problems that arose in the sweepstakes marketing industry where concerns over customer dissatisfaction and state regulation had been expressed over a period of time is unpersuasive.

Here, there are facts of record from which a reasonable fact finder could conclude that U.S. Trust conducted a prudent investigation and followed the exact procedures that would be followed by a competent ESOP trustee but that the ESOP nevertheless suffered a loss as a result of an unforeseen financial catastrophe. On the other hand, there is also evidence of record which, when construed in the light most favorable to Plaintiffs as the non-moving party, could support the reasonable inference that U.S. Trust's due diligence investigations failed to rise to the level of prudence necessary to insulate it from liability for breach of fiduciary duty, failed to appropriately monitor F & G on an ongoing basis after becoming the ESOP Trustee, or otherwise breached its fiduciary duty. While the ultimate resolution of these disputes of material fact is far from obvious, it is clear that such issues can only be resolved at trial.

US Trust argues that even if it is not entitled to summary judgment on the fiduciary breach claim, it is entitled to summary judgment on the issue of loss causation, as ERISA imposes monetary liability on a breaching fiduciary only where a loss results from the breach of duty. Specifically, U.S. Trust asserts that any loss resulted not from a failure to investigate but rather from negative publicity emanating from the sweepstakes practices of other companies. Again, as the Court has previously held with respect to other motions by other Defendants, the issue of what caused any loss that the F & G ESOP may have suffered is not appropriately resolved on summary judgment, as it involves questions of credibility and material fact that can properly be determined only at trial.

There is, however, one basis for an alleged breach of fiduciary duty that the

Court finds appropriate for resolution on summary judgment. First, Plaintiffs have repeatedly asserted, and the Court has repeatedly rejected, the argument that U.S. Trust breached its fiduciary duty when it somehow "agreed up front not to push the *Eyler* issue" as a basis for negotiating down the value of the F & G stock. As the Court has previously held, this argument is solely Plaintiffs' speculative characterization and is not reasonably supported by the evidence cited. Accordingly, to the extent that Plaintiffs continue to contend that U.S. Trust made an improper pact not to raise the Tax Court decision in *Eyler v. Commissioner,* 88 F.3d 445 (7th Cir.1996), U.S. Trust is entitled to judgment as a matter of law, as no reasonable fact finder could find in favor of Plaintiffs on the record before the Court. US Trust's Motion for Summary Judgment is therefore granted in this limited respect and denied in all other respects.

### CONCLUSION

For the reasons set forth above, Defendant U.S. Trust's Motion for Summary Judgment [# 423] is GRANTED IN PART and DENIED IN PART.